IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **MAURICE BAILEY,** | ) | CASE NO. 7:20CV00284 |
| | ) | |
|       **Petitioner,** | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **WARDEN,** | ) | By:  Hon. Glen E. Conrad |
| | ) | Senior United States District Judge |
|       **Respondent.** | ) | |

    Maurice Bailey, a federal inmate, filed this action, pro se, as a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  Bailey asserts that he is actually innocent of the crime for which he was convicted and sentenced, in light of Rehaif v. United States, __ U.S. __, 139 S. Ct. 2191 (2019).  See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (defining narrow circumstances when federal defendant can use § 2241 to challenge federal conviction).  Upon review of the record, the court concludes that it lacks jurisdiction over Bailey's § 2241 claims.  Because Bailey has not previously filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255, the court will construe his submission as a § 2255 motion and transfer it to the sentencing court.

    Bailey is currently confined at the United States Penitentiary Lee County, located in this judicial district.  According to court records online, Bailey pleaded guilty in the United States District Court for the District of South Carolina to one count of possession of a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1);[1] the Court sentenced him to 110 months in prison.  See gen. United States v. Bailey, No. 8:16-cr-00287-TMC (D. S.C.).  Bailey did not appeal and has not pursued a § 2255 motion challenging this conviction and sentence.

---

[1] Pursuant to the plea agreement, a second § 922(g)(1) count was dismissed.

In May 2020, Bailey filed this action as a § 2241 petition. Given the nature of his claim and the fact that he has never previously filed a § 2255 motion, the court notified him of its intent to construe his submission as a § 2255 motion and transfer it to the sentencing court. A district court must offer a defendant an opportunity to elect whether or not he objects to the court's stated intention to construe a post-conviction motion as a § 2255 action. See Castro v. United States, 540 U.S. 375 (2003). The court's order advised Bailey that it did not find him to be entitled to relief under § 2241 and Rehaif, but that he should consider the gate-keeping provisions of § 2255 in deciding whether to object to having his submission construed and transferred as a § 2255 motion. Bailey submitted two verified responses, agreeing to the court's construction of his petition as a § 2255 motion, see ECF Nos. 5, 11. When he also filed an interlocutory appeal of the court's order, the court stayed the case. That appeal has now been dismissed.

A federal prisoner bringing a claim for relief from an allegedly illegal conviction must normally do so in a § 2255 motion in the sentencing court. Section 2255(e), known as the savings clause, provides that a § 2241 habeas petition raising such a claim "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

In this circuit, the remedy in § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 328 F.3d at 333-34.  Unless Bailey demonstrates that he can satisfy the Jones test so that the savings clause applies to permit his Rehaif challenge in a § 2241 petition, this court has no "power to act" on his § 2241 claim.  United States v. Wheeler, 886 F.3d 415, 425 (4th Cir. 2018), cert. denied, 139 S. Ct. 1318 (2019) (satisfaction of savings clause elements is jurisdictional).

Under § 922(g), it is unlawful for a convicted felon to possess firearms and related materials.  A separate provision, § 924(a)(2), states that "anyone who knowingly violates the first provision shall be fined or imprisoned for up to 10 years."  Rehaif, 139 S. Ct. at 2194; see also 18 U.S.C. § 922(g).  In Rehaif, the Supreme Court held that "the word knowingly applies both to the defendant's conduct and to the defendant's status," thus requiring the government to prove "that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it."  139 S. Ct. at 2194.  According to Bailey, the government did not prove these elements, and he did not have notice of them when he pleaded guilty, making his plea, his conviction, and his sentence invalid.

Even assuming that Bailey can meet the first factor under Jones, he cannot satisfy the second factor as required to bring his Rehaif claim in a § 2241 petition.  Courts within the Fourth Circuit, including this court, have held that Rehaif did not change substantive law as required under Jones, because the conduct for which the petitioner was convicted is still illegal.  See, e.g., Erby v. Breckon, No. 7:18-cv-00588, 2020 WL 1443154, at *7 (W.D. Va. Mar. 24, 2020) (collecting cases).  Therefore, Bailey cannot meet the second Jones requirement and, accordingly, cannot make use of the savings clause to challenge the validity of his conviction under § 922(g).

For the reasons stated, this court is constrained to conclude that Bailey cannot proceed with his claims under § 2241, because the court lacks jurisdiction over the petition.  Therefore, the court will dismiss his § 2241 petition without prejudice, but will construe his submission as a § 2255

3

motion and transfer it to the sentencing court for further proceedings.[2]  An appropriate order will issue this day.

The clerk will send a copy of this opinion and the accompanying order to Bailey.

**ENTER**:  This  14th  day of January, 2021.

_____
Senior United States District Judge

---

[2] The court notes that Bailey had moved for an extension of time in this court to file an amended § 2255 motion.  Because Bailey may move, if necessary, to file an amended § 2255 motion in the sentencing court once the transfer is completed, the court will dismiss his pending motion here as moot.